## CIRCUIT COURT OF FAIRFAX COUNTY

Wilsford A. Haag, Jr.

v.

Commonwealth of Virginia

October 29, 1990

Case No. (Law) 98689

By JUDGE RICHARD J. JAMBORSKY

The matter is before the Court on the motion of Wilsford Adolphe Haag, Jr. (Petitioner) for reconsideration of the Court's order of July 12, 1990, denying his application for a concealed weapon permit. On September 20, 1990, the Court held an ore tenus hearing pursuant to Section 18.2-308(D) of the Code of Virginia. The Court took the matter under advisement and now denies the petitioner's motion for reconsideration.

### I. *Findings of Fact*

On May 10, 1990, the petitioner filed an application for a concealed weapon permit with the Court. In response to a question requesting facts that demonstrate a need to carry a concealed weapon, the petitioner wrote:

> Owner of W. A. Haag & Associates, Inc., a full service private investigations agency which is licensed, insured and incorporated in the Commonwealth of Virginia. Will carry a weapon only when the circumstances of an investigation pose a potential threat of physical violence to myself or my client.

Application for Concealed Weapon Permit -- Wilsford Adolphe Haag, Jr., Question 14, p. 2. The Honorable Lewis Hall Griffith referred the case to the Fairfax County Police Department. Investigator J. A. Parr conducted an investigation and filed a report with the Court. The petitioner is a white male, 56 years of age, who is currently self-employed as the owner and sole operator of W. A. Haag Associates, Private Investigations. Investigator Parr stated in his report that:

> [i]n the course of doing business [petitioner] has received several requests to do personal protection of individuals. As a result of these requests, he is entertaining the possibility of expanding his business to offer this service. If he is going to offer this service, the applicant feels he should be armed and this is the main reason for applying for the permit.

Fairfax County Police Department, Supplementary Investigation Report -- Wilsford Adolphe Haag, Jr., June 26, 1990. In his report, Investigator Parr recommended against the issuance of the concealed weapon permit. On July 12, 1990, the Court denied the petitioner's application. The Court held an ore tenus hearing on September 20, 1990. The petitioner testified that eighty to eighty-five percent of his work entails investigating insurance claims. The remaining fifteen percent is traditional private investigative work (e.g., custody investigations, serving subpoenas). The petitioner also testified that an individual who obtains a concealed weapon permit from another jurisdiction (e.g., Prince William County, City of Alexandria) can perform work within Fairfax County that the petitioner is unable to do. The petitioner contends that this represents an unfair business advantage.

## II. *Conclusions of Law*

Under § 18.2-308(D) of the Code of Virginia, the Court is directed to apply a four-prong test in determining whether to issue a concealed weapon permit to an individual. First, the applicant must possess a good character. Second, the applicant must demonstrate a need to carry a concealed

weapon which need may include but is not limited to lawful defense and security. Third, the applicant must be physically and mentally competent to carry a weapon. Fourth, the applicant must not be prohibited by law from receiving, possessing, or transporting a weapon. *See* Va. Code Ann. Section 18.2-308(D) (Supp. 1989).

The only issue to be resolved by the Court is whether the petitioner "has demonstrated a need to carry [a] concealed weapon, which need may include but is not limited to lawful defense and security." Va. Code Ann. § 18.2-308(D) (Supp. 1989).

Under § 18.2-308(D) of the Code of Virginia, the petitioner is under a duty to demonstrate a need to carry a concealed weapon. The Court's analysis is premised upon the assumption that the petitioner is required only to demonstrate a *reasonable* need to justify the issuance of a concealed weapon permit. The Court notes that the legislature chose the term "demonstrate" to indicate the manner in which the petitioner must prove his reasonable need to carry a concealed weapon. The term "demonstrate" is defined as "1. *Obs.* To point out; portray. 2. To prove by reasoning, as by deduction; to establish as true. 3. To explain or illustrate, as in teaching, by use of examples, etc. 4. To show or prove publicly." Webster's Collegiate Dictionary (5th ed. 1947). Indeed, Question 14 of the uniform application states, "Virginia [l]aw requires that the applicant has demonstrated a need to carry such concealed weapon before a permit will be issued. Describe in detail what facts demonstrate that need." Application for Concealed Weapon Permit, Question 14, p. 2. The petitioner argues that the "uniform application form 'requir[es] only that information necessary to determine eligibility for the permit' . . . ." Memorandum of Law for Ore Tenus Hearing, p. 7. The use of detailed facts is the minimum required to demonstrate a need to carry a concealed weapon. The term "fact" is defined as "5. *Law.* Specif.: Usually in *pl.* Any of the circumstances of matter of a case as alleged; also, that which is of actual occurrence; reality as an event." Webster's Collegiate Dictionary 358 (5th ed. 1947). This interpretation of the term "fact" would at a minimum require the petitioner to put forth actual events or existing circumstances in detail that go toward the requirement of proving a reasonable need.

As a matter of law, the Court is of the opinion that the petitioner has failed to meet his burden of showing or proving a need to carry a concealed weapon. First, the petitioner indicated in the application that he would "carry a weapon only when the circumstances of an investigation pose a potential threat of physical violence to [himself] or [his] client." Application for Concealed Weapon Permit -- Wilsford Adolphe Haag, Jr., Question 14, p. 2. The petitioner's response to this question is at most a mere policy statement of when he would carry a concealed weapon. The answer is not responsive to the question. The petitioner's answer presents no substantive basis or events that demonstrate a reasonable need to carry a concealed weapon. The majority of the petitioner's work involves investigating insurance claims. He has presented no evidence that this type of work entails the risk of physical violence to himself. The Court is not requiring that the petitioner put forth actual incidents where the petitioner was faced with physical violence. At a minimum, the Court is requiring that the petitioner prove that the type of work he is involved in places the petitioner at risk of physical violence.

Second, the petitioner states that, if he were to expand his business to include the personal protection of individuals, then he feels that he should be armed. Again, the petitioner has failed to demonstrate a need to carry a concealed weapon. As a preliminary matter, the petitioner's expansion of his business to provide personal protection services is best characterized as a mere possibility at this time. But even if he enters such a business, it does not follow that his need to carry a concealed weapon is demonstrated simply because a third person may assert a request for protection. The petitioner provided no evidence showing a need to carry a concealed weapon when engaging in personal protection services. Nor was evidence presented that a prospective client would not hire the petitioner as a bodyguard if he did not wear a concealed weapon.

Third, the petitioner asserted at the hearing that individuals who have obtained a concealed weapon permit from other jurisdictions (e.g., Prince William County and City of Alexandria) have an unfair business advantage over the petitioner. Yet, no evidence was presented with

reference to this allegation. The petitioner did not cite specific examples of a declining demand for services or specific instances of lost contracts.

The petitioner's reliance on *In re Jack Nichols Mogus*, Record No. 0789-89-4, Circuit Court No. 2145 (Va. Ct. App. July 28, 1989); *In re Albert R. Fortunato*, Record No. 0462-89-4, Circuit Court No. 88496 (Va. Ct. App. July 24, 1989); and *In re Florian Deltgen*, Record No. 0221-89-4, Circuit Court No. 2145 (Va. Ct. App. June 16, 1989) is misplaced. None of these cases are analogous to the case at hand. First, the Court of Appeals provided no guidance as to the application of § 18.2-308 of the Code of Virginia in any of these cases. In all three cases, the Court of Appeals reversed the decision of the circuit court without opinion.

Second, the three cases cited by the petitioner are factually distinguishable. In *In re Jack Nichols Mogus*, the investigator stated in his report that the applicant's work at times took him into areas that were less than desirable. Additionally, the applicant specialized in electronic security and at times transported expensive electronic instruments to various contract locations. In *In re Albert Ralph Fortunato*, the applicant indicated there had been threats made against him as an auxiliary police officer with the Fairfax County Police Department. In *In re Florian Deltgen*, the applicant was the president and chief executive for the American division of a West German arms manufacturer. The applicant's company was involved in the development of sophisticated weapons and ammunition. The applicant made representations that his company had been wrongly associated with intelligence and covert organizations fighting against various terrorist groups. As a result of this association, the applicant perceived that he may have been the target of terrorist activity attempting to thwart his company's development of weapons to counter terrorist activity. There were anti-government sentiments in Europe directed toward the applicant's company, and articles had been published attempting to link the applicant's company with the C.I.A. and the supply of arms to countries in Central America.

The petitioner has presented no comparable evidence that proves a reasonable need to justify the issuance of a concealed weapon permit. From a policy perspective,

the Court must examine applications for a concealed weapon permit with great scrutiny. A contrary approach could well be harmful to the safety of the public. Indeed, the legislature provided the courts with a test to be used in determining whether to grant a concealed weapon permit. One part of that test requires the petitioner to demonstrate a need for the permit. The petitioner has failed in that respect.

### III. *Conclusion*

For the foregoing reasons, the petitioner's motion for reconsideration is denied.